**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ROBERT P. WILLIAMS, IV,**

       **Petitioner,**

       **v.**                         **CASE NO.  20-3273-JWL**

**COMMANDANT,**
**United States Disciplinary Barracks,**
**et al.,**

       **Respondents.**

**O R D E R**

This matter is a petition for writ of habeas corpus filed under 28 U.S.C. § 2241.  Petitioner is confined at the United States Disciplinary Barracks in Fort Leavenworth, Kansas.  Petitioner alleges he is being held beyond his Minimum Release Date without due process.  The Court has examined the record and finds that a responsive pleading is required.

Petitioner has also filed two motions.  The first is a motion requesting the appointment of counsel (ECF No. 2).  The Court denies without prejudice the request for appointment of counsel.  Petitioner has no constitutional right to counsel in a federal habeas corpus action.  *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987).  Rather, the decision whether to appoint counsel rests in the discretion of the court.  *Swazo v. Wyoming Dep't of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994).  A court may appoint counsel for a § 2241 petitioner if it "determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).  Where an evidentiary hearing is not warranted, appointment of counsel is not required.  *See Engberg v. Wyo.*, 265 F.3d 1109, 1122 n.10 (10th Cir. 2001) (affirming denial of appointed counsel for habeas petitioner where no evidentiary hearing was necessary); *see also* Rules Governing § 2254 Cases,

Rule 8(c), 28 U.S.C.A. foll. 2254 ("If an evidentiary hearing is warranted, the judge must appoint an attorney to represent a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A.").  The Court has not determined that an evidentiary hearing is warranted at this time.

Considering Petitioner's claims, his ability to present his claims, and the complexity of the legal issues involved, the Court finds appointment of counsel in this matter is not warranted.  *See Long v. Shillinger*, 927 F.2d 525, 527 (10th Cir. 1991) ("In determining whether to appoint counsel, the district court should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.").  Petitioner's motion is denied without prejudice to the Court's reconsideration in the event the Court finds an evidentiary hearing is required in this matter.

Petitioner's second motion (ECF No. 3) asks the Court to review his petition "in an expeditious manner."  To the extent Petitioner disputes the expeditious nature of the briefing schedule ordered by the Court, Petitioner's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Respondent is hereby required to show cause on or before **December 2, 2020**, why the writ should not be granted; that Petitioner is granted until **January 4, 2021**, to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Appoint Counsel (ECF No. 2) is **denied without prejudice**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Expedited Review (ECF No. 3) is **denied**.

Copies of this Order shall be transmitted to the parties and to the U. S. Attorney for the District of Kansas.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 3rd day of November, 2020.**

**S/ John W. Lungstrum**
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**