**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**


**ROBERT P. WILLIAMS, IV,**

       **Petitioner,**

       **v.**                           **CASE NO.  20-3273-JWL**

**COMMANDANT,**
**United States Disciplinary Barracks,**
**et al.,**

       **Respondents.**


**MEMORANDUM AND ORDER**


This matter is before the Court on Petitioner's Motion for Writ of Mandamus (ECF No. 14).  The Court has considered the motion, as well as Respondents' Response (ECF No. 16) and Petitioner's Reply (ECF No. 17), and finds the motion should be construed as a motion for discovery and should be granted.

In his motion, Petitioner asks the Court to order Respondents to produce "an e-mail communication between Mr. Christopher J. Moyer and Mr. R.R. Lamoureux, President of the Navy Clemency and Parole Board, which Mr. Moyer read at the Petitioner's Sept. 22, 2020, Disciplinary and Adjustment Board."  ECF No. 14, at 1.  Petitioner asserts it is a "key piece of evidence" for his case.  *Id.*  Further, Petitioner attached to his Traverse documentation showing he has attempted to obtain the email by an administrative request and through the Freedom of Information Act.

Respondents argue that Petitioner has not shown that a writ of mandamus is appropriate or warranted in this situation.  The Court agrees.  "[M]andamus is a 'drastic' remedy that is 'to be

invoked only in extraordinary situations.'" *In re Antrobus*, 519 F.3d 1123, 1124 (10th Cir. 2009) (quoting *Allied Chem. Corp. v. Daiflon, Inc.,* 449 U.S. 33, 34, (1980)). "To prevail on a mandamus petition, petitioner must show (1) a clear and indisputable right to the writ, (2) a plainly defined duty on the part of respondent to perform a ministerial action, and (3) no other adequate remedy is available." *United States v. McIntosh*, No. CR 11-20085-01-KHV, 2018 WL 1806763, at *1 (D. Kan. Apr. 17, 2018) (citing *Wilder v. Prokop*, 846 F.2d 613, 620 (10th Cir. 1988)). Petitioner has not shown that Respondents have a nondiscretionary duty to give him the email or that other remedies are not available.

However, courts have construed requests for mandamus as other motions in appropriate circumstances. *See id*. (construing motion for mandamus as motion to return legal materials). This is the kind of evidence that could be requested and produced through discovery in a regular civil case. While habeas petitioners are not entitled to discovery as a matter of course, *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), the Rules Governing Habeas Corpus allow the Court, in its discretion, to authorize discovery "for good cause shown". Rule 6(a), Rules Governing Habeas Corpus, foll. 28 U.S.C. § 2254. *See Simpson v. Carpenter*, 912 F.3d 542, 576 (10th Cir. 2018) ("Good cause [for discovery] is established where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is entitled to relief.") (quotation omitted).

The Court has considered Petitioner's request and concludes he has shown good cause for discovery. The material Petitioner seeks appears to be sufficiently related to his claims of constitutional error in this matter to warrant its inclusion in the record.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Writ of Mandamus (ECF No. 14) be construed as a motion for discovery and be **granted**.  Respondents are ordered to provide Petitioner with a copy of the requested email on or before **January 19, 2021**.  Respondents shall also file the email with the Court by the same date.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 13th day of January, 2021.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**