IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT P. WILLIAMS, IV,**

      Petitioner,

      v.                             CASE NO.  20-3273-JWL

**COMMANDANT,**
**United States Disciplinary Barracks,**
**et al.,**

      Respondents.

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner's Motion for Immediate Relief (ECF No. 22). The Court has considered the motion, as well as Respondents' Response (ECF No. 24), and finds the motion should be denied.

In his motion, Petitioner asks the Court to hold Respondents in contempt for failing to comply with the Court's order to produce "an e-mail communication between Mr. Christopher J. Moyer and Mr. R.R. Lamoureux, President of the Navy Clemency and Parole Board, which Mr. Moyer read at the Petitioner's Sept. 22, 2020, Disciplinary and Adjustment Board." ECF No. 18, at 1. Petitioner asserts that while Respondents produced two emails in response to the order, neither were the correct email. Petitioner further claims Respondents are "continuing to attempt to subvert justice and further delay any action by the Court to come to a decision advantageous to the release of Petitioner." ECF No. 22, at 1.

In response to Petitioner's motion and the Court's order to file a response, Respondents point out that there is a discrepancy in terms of the date of the email between Petitioner's Motion

1

for Writ of Mandamus and Petitioner's Motion for Immediate Relief. Consequently, Respondents looked at both timeframes and produced several additional emails between Mr. Moyer and Mr. Lamoureux. None of the emails seem to perfectly fit Petitioner's various descriptions, but the closest in terms of content was not sent in the timeframe Petitioner described. Respondents conclude their Response by arguing that even if the email as described by Petitioner existed, it is not relevant to the question of whether Petitioner's due process rights were violated when he was denied release at his minimum release date, which has already been decided by the Court.

The Court finds no basis to hold Respondents in contempt. The Court's "interest in ensuring a party's compliance with its orders is a great one." *Ohlander v. Larson*, 114 F.3d 1531, 1541 (10th Cir. 1997). A court may find a party in contempt where the opposing party shows by clear and convincing evidence that (1) a valid court order existed; (2) the party had knowledge of the order; and (3) the party disobeyed the order. *Fish v. Kobach*, 294 F. Supp. 3d 1154, 1163 (D. Kan. 2018). A court has broad discretion in determining whether to hold a party in contempt. *Braintree Laboratories, Inc. v. Nephro-Tech, Inc.*, 99 F. Supp. 2d 1300, 1303 (D. Kan. 2000).

Petitioner describes the email as being "read at Petitioner's Sept. 22, 2020, Disciplinary and Adjustment Board" in his mandamus motion (ECF No. 14, at 1), which is how it was described in the Court's order. In his Traverse, Petitioner says the email was "from the Fall of 2019" (ECF No. 13, at 14). In his Motion for Immediate Relief, he describes it as being sent "prior to the Petitioner's November 22, 2019 Disciplinary and Adjustment (D&A) Board and read in part by Mr. Moyer at the Petitioner's September 24, 2020 D&A Board" (ECF No. 22, at 1).

The descriptions of the requested email are not entirely consistent, and the possibility exists that either Mr. Moyer incorrectly described whatever email he read at the hearing or that Petitioner's memory is flawed. To the extent the order was ambiguous or unclear, "[a]ny

2

ambiguities or omissions in the order will be construed in favor of [the party charged with violating the order]." *Braintree Laboratories*, 99 F. Supp. 2d at 1303 (citing *Reliance Ins. Co. v. Mast Const. Co.*, 159 F.3d 1311, 1315 (10th Cir. 1998). Petitioner has not shown by clear and convincing evidence that Respondents disobeyed the Court's order. Therefore, the Court declines to find Respondents in contempt.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner's Motion for Immediate Relief (ECF No. 22) is **denied**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 2nd day of February, 2021.**

                                **S/ John W. Lungstrum**
                                **JOHN W. LUNGSTRUM**
                                **UNITED STATES DISTRICT JUDGE**